

Holly G. Rogers
(203) 533-6255
Facsimile: (203) 721-8532
hrogers@melicklaw.com

# MELICK & PORTER

ROBERT P. POWERS
MICHAEL J. MAZURCZAK *(NY & WI)
WILLIAM L. KEVILLE, JR. *(ME)
RICHARD E. HEIFETZ *(NH)
ROBERT T. TREAT
MICHAEL R. BYRNE
MARK S. BODNER *(NH)
WILLIAM P. ROSE
HOLLY G. ROGERS (CT & NY)
ROBERT W. HEALY *(NH)
BRIAN C. DAVIS
CAROLYN M. MILLER
SHANNON MCQUEENEY DOHERTY*(NY)
CHRISTOPHER D. GEORGE
SYD A. SALOMAN *(RI)
CHRISTIAN H. HINRICHSEN *(ME, NH, RI)
MATTHEW B. DIMARIO *(RI)
LAUREN S. FACKLER *(NJ, NY & VT)
STEVEN M. BANKS (CT & NY)
PETER J. RIORDAN
ALEXANDER W. AHRENS (CT)
KURT A. ROCHA*(RI & CT)
LAUREN C. ROCHE
CHRISTOPHER A. COSTAIN *(CT)
NICHOLAS M. LUISE
STEPHANIE E. BENDECK *(FL)
SOPHIA P. BREENE *(NH)
CASEY C. MILLER (CT)
ALEXANDER D. BURROUGHS-HOOD *(RI)
THOMAS C. DONOVAN
RYAN C. COYNE *(RI)
GABRIELLA Y. GAROFALO *(RI)
HOGAN K. TOMKUNAS *(CT)
MARISSA K. PALLADINI
CHRISTINA C. BALLI
EMMA K. GIOVANNUCCI
MARY CATE RIVERA
KYLE P. DUTCH
TYLER M. MILLS

OF COUNSEL
DOUGLAS L. FOX *(FL)

*ALSO ADMITTED

ONE LIBERTY SQUARE
BOSTON, MA 02109
(617) 523-6200
FAX (617) 523-8130

WORCESTER COUNTY
2 PARK CENTRAL DRIVE, SUITE 120
SOUTHBOROUGH, MA 01772
(508) 452-2020
FAX: (508) 452-2021

ONE RICHMOND SQUARE
PROVIDENCE, RI 02906
(401) 941-0909
FAX (401) 941-6269

750 MAIN STREET, SUITE 100
HARTFORD, CT 06103
(203) 769-3111
FAX (203) 721-8532

900 MAIN STREET SOUTH
SOUTHBURY, CT 06488
(203) 596-0500
FAX (203) 721-8532

40 MAIN STREET
BIDDEFORD, ME 04005
(207) 517-4111
FAX (207) 835-4980

195 ELM STREET
MANCHESTER, NH 03101
(603) 627-0010
FAX (603) 627-0460

11 BROADWAY, SUITE 615
NEW YORK, NY 10004
(212) 541-7236
FAX (212) 840-8560

MELICKLAW.COM

March 8, 2024

**VIA ECF**
Hon. Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Susan Rosenthal v. Roosevelt Island Operating Corporation, et al.*
           Docket No.: 1:23-cv-09660-DEH

Dear Judge Ho:

    This firm represents Roosevelt Island Operating Corporation (the "Defendant") in the above-referenced matter. Pursuant to Rule 2.e.(i)-(iii) of Your Honor's Individual Rules and Practices in Civil Cases, we write on behalf of the Defendant to respectfully request an adjournment of the pre-trial conference currently scheduled for March 20, 2024 at 2:30 p.m. EST, as well as the joint status letter and proposed case management plan due March 13, 2024 pursuant to the Court's November 7, 2023 Order. The bases for the requested adjournment are set forth below.

    The Defendant is in the process of preparing a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on several grounds. First, the Complaint should be dismissed pursuant to the doctrine of res judicata. This litigation is not the Plaintiff's first attempt to seek relief for the termination of her employment. Plaintiff previously initiated two state court proceedings arising out of the same set of alleged circumstances that are alleged in the Complaint. Plaintiff first initiated a proceeding pursuant to CPLR Article 78 which was dismissed by the New York County Supreme Court on July 7, 2021. On October 25, 2022, the Appellate Division, First Judicial Department, affirmed the Supreme Court's judgment dismissing the Article 78 proceeding. Plaintiff then filed a second lawsuit, also in the New York County Supreme Court, also alleging a § 1983 claim, which was dismissed by the Supreme Court on July 27, 2022. On January 5, 2024, the Appellate Division, First Judicial Department, once again affirmed the Supreme Court's judgment dismissing the Plaintiff's second lawsuit on res judicata grounds.

    "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019). New York provides that a final judgment on the merits of an action

Melick & Porter, LLP
March 8, 2024
Page 2

precludes the parties from relitigating issues that were or could have been raised in that action. *Corbett v. City of New York*, 816 Fed.Appx. 551, 553 (2d Cir. 2020). New York law bars "a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id.* Plaintiff's prior lawsuits filed in state court preclude re-litigation of her § 1983 claim in this action because the prior state proceedings reached the federal constitutional issues involved in this action. Therefore, Plaintiff's Complaint is subject to dismissal on res judicata grounds.

Second, the Complaint should be dismissed because the Defendant, its Board, executives, and directors are an arm of the state subject to sovereign immunity. The Eleventh Amendment bars federal suit against the states and their agencies except where the state has waived its sovereign immunity or Congress has abrogated it explicitly. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97–100 (1984). There is no clear abrogation of sovereign immunity in § 1983. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004). The Southern District has previously held that the Defendant is entitled to sovereign immunity in §1983 claims. *See Lewis v. Roosevelt Island Operating Corp.*, 246 F.Supp.3d 979, 988 (S.D.N.Y. 2017); *Chafetz v. Roosevelt Island Operating Corp.*, No. 97-CIV-0761 (NRB), 2000 WL 1277338, at *5 (S.D.N.Y. Sept. 8, 2000). Therefore, Plaintiff's Complaint is subject to dismissal on grounds of sovereign immunity.

Third, the Complaint should be dismissed because, as discussed above, Plaintiff availed herself of an Article 78 proceeding, and the availability of that proceeding, alone, is sufficient to satisfy due process. It is well established in the Second Circuit that the mere availability of an Article 78 name-clearing hearing provides the requisite post-deprivation process, thereby precluding an at-will, government employee such as Plaintiff from bringing a stigma-plus claim such as the claim asserted in this matter. *Guerra v. Jones*, 421 Fed.Appx. 15, 19 (2d Cir. 2011); *D'Allessandro v. City of Albany*, No. 04-CV-788, 2008 WL 544702, at *13–14 (N.D.N.Y. Feb. 26, 2008) (holding that the availability of an Article 78 proceeding to the plaintiff, "which is an adequate post-deprivation procedure," establishes that there has been no constitutional violation). The facts alleged in the Complaint demonstrate that Plaintiff had the opportunity to avail herself of meaningful redress through an Article 78 proceeding and that Plaintiff, in fact, availed herself thereof. Therefore, Plaintiff's Complaint is subject to dismissal because there was no violation of Plaintiff's due process rights.

Fourth, the Defendant asserts that it is clear from the face of the Complaint that Plaintiff has brought her claim for an alleged violation of § 1983 beyond the applicable statute of limitations. Plaintiff's employment was terminated on June 19, 2020. Because § 1983 does not have a federal statute of limitations, federal courts apply the most analogous state statute of limitations. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). The applicable statute of limitations is the state's general or residual statute for personal injury actions. *Id*. In New York, a three-year statute of limitations applies to personal injury actions, and thus to causes of action brought under § 1983 as well. *Id.* The statute of limitations applicable to Plaintiff's § 1983 claim would not have been tolled by any Executive Order issued by the Governor of the State of New

Melick & Porter, LLP
March 8, 2024
Page 3

York as a result of the COVID-19 pandemic. *See Loeb v. Cnty. of Suffolk*, No. 22-CV-6410 (HG), 2023 WL 4163117, at *4 (E.D.N.Y. June 23, 2023) ("The Court finds that applying any tolling purportedly required by the Executive Orders to Section 1983 claims filed in federal court would defeat the purposes of finality and certainty that statutes of limitations serve."). Therefore, Plaintiff was required to bring her § 1983 claim by June 19, 2023, or within three years of the termination of her employment. Because Plaintiff instituted this action beyond the three-year statute of limitation period, her Complaint is subject to dismissal.

      The Defendant also anticipates moving to stay discovery pending adjudication of its motion to dismiss. A stay of discovery is appropriate because the Defendant has made a strong showing that the Plaintiff's claims are unmeritorious, the burden of responding to discovery in this matter is likely to be significant, and a stay does not pose a risk of unfair prejudice to Plaintiff. Furthermore, because the Defendant's motion to dismiss is potentially dispositive, it would obviate the need to engage in costly discovery. *See Picture Patents, LLC v. Terra Holdings, LLC*, 07-CIV-5465 (JGK) (HBP), 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008).

      This is the Defendant's first request for an adjournment of these matters. The Defendant has conferred with the Individual Defendants, Joseph Rabito, Kumiki Gibson, and Simonida Subotic, who join in the Defendant's request for adjournment and who anticipate moving to dismiss the Complaint on grounds similar to those discussed herein. The Defendant has also conferred with Plaintiff who has consented to this requested adjournment. Accordingly, the Defendant respectfully requests that the joint status letter and proposed case management plan due March 13, 2024, and the pretrial conference currently scheduled for March 20, 2024 at 2:30 p.m. EST, be adjourned to a date following adjudication of the Defendant's motion to dismiss.

Very truly yours,

*/s/ Holly G. Rogers*

Holly G. Rogers

Application **GRANTED.** Defendant's letter states that all parties either join in the request or consent to it. The initial pretrial conference and deadline to submit materials in advance of the conference are **ADJOURNED** pending further order of the Court following adjudication of the anticipated motion to dismiss. So Ordered.

Dale E. Ho
United States District Judge
Dated: March 11, 2024
New York, New York