UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN G. ROSENTHAL,<br><br>        Plaintiff,<br><br>  v.<br><br>ROOSEVELT ISLAND OPERATING CORPORATION, JOSEPH RABITO, KUMIKI GIBSON, and SIMONIDA SUBOTIC,<br><br>        Defendants. | 23 Civ. 9660 (DEH)<br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

DALE E. HO, United States District Judge:

  Plaintiff Susan G. Rosenthal brings this lawsuit under 42 U.S.C. § 1983 against Defendant Roosevelt Island Operation Corporation ("RIOC") and Defendants Joseph Rabito, Kumiki Gibson, and Simonida Subotic (the "Individual Defendants" and, collectively, "Defendants") for violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution in connection with Rosenthal's termination from the role of President and Chief Executive Officer of the RIOC on June 19, 2020. *See* Compl., ECF No. 1. Before the Court are Defendants' Rule 12(b)(6) Motions to Dismiss Plaintiff's claim.[1] ECF Nos. 33 and 35. For the reasons discussed herein, Defendants' Motions are **GRANTED**.

## BACKGROUND

  Unless otherwise stated, the facts set forth here "are drawn from the Complaint and are assumed to be true for the purposes of this motion." *Cooper v. Templeton*, 629 F. Supp. 3d 223,

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

228 (S.D.N.Y. 2022), *aff'd sub nom. Cooper v. Franklin Templeton Invs.*, No. 22 Civ. 2763, 2023 WL 3882977 (2d Cir. June 8, 2023).

Plaintiff Rosenthal was the President and CEO of Defendant RIOC, "a New York public benefit corporation created to plan, design, develop, operate and maintain Roosevelt Island." Compl. ¶¶ 3-4.  She served in those roles from June 2015 through June 19, 2020, when her employment and position with RIOC were terminated.  *See id.* ¶ 3.  At relevant times, Defendant Rabito served as Executive Secretary to the Governor of New York, Defendant Gibson served as Counsel to the Governor, and Defendant Subotic served as New York State Deputy Secretary for Economic Development.  *See id.* ¶¶ 5-7.

Rosenthal was fired on June 19, 2020, for allegedly using racially and sexually offensive language.  *Id.* ¶ 16.  Her termination was announced via a statement made to the press, with the *New York Post* quoting Richard Azzopardi, senior advisor to then-Governor Andrew Cuomo, as stating that, according to a June 12, 2020, complaint by a RIOC employee, Rosenthal "had used inappropriate language and engaged in inappropriate conduct in the workplace." *Id.*  Azzopardi stated that the complaint was "referred to the New York State Governor's Office of Employee Relations for investigation" and was ultimately "substantiated." *Id.*  Rosenthal alleges that "Azzopardi received his information directly or indirectly from Defendants Gibson, Subotic and/or Rabito, and transmitted it to the *New York Post* at their instruction or with their approval." *Id.* ¶ 18

In fact, however, the "investigation actually determined that the allegations contained in the June 12 Complaint were either not supported by credible evidence or were not sufficiently offensive to warrant discipline." *Id.* ¶ 21.  Instead, Rosenthal alleges that she was terminated for other reasons—namely, after "rais[ing] the ire of the administration of then-Governor Andrew Cuomo by tirelessly pushing Albany" to address the "abandoned 'steam tunnels' on Roosevelt

2

Island," which "act as a protective sea wall" for the Island but are "in serious disrepair." *Id.* at ¶¶ 11-12. Plaintiff alleges that an Army Corps of Engineers report and a series of studies by the Langan Engineering firm concluded that "there could well be catastrophic results were Roosevelt Island to face a major weather event, owing to the tunnels' poor condition." *Id.* ¶ 12.

On October 19, 2020, Rosenthal brought a proceeding under Article 78 of the Civil Practice Law and Rules in New York County Supreme Court against New York State and the Defendants in this case, alleging that they acted arbitrarily and capriciously in terminating her (the "Article 78 Proceeding"). *See id.* ¶¶ 28-29. Her petition (the "Article 78 Petition" or the "Petition") alleged that "the June 12 Complaint — which she understood as being the reason for her termination as reported in the *New York Post* — was entirely unfounded," and she "sought reinstatement, attorneys' fees, and back pay from RIOC." *Id.* ¶ 29. In her Petition, Rosenthal also alleged that she was discriminated against because she is white. *See Rosenthal v. Roosevelt Island Operating Corp.*, No. 158795/2020, 2021 WL 2891517, at *1 (N.Y. Sup. Ct. July 06, 2021) ("*Rosenthal I-A*"). The Defendants responded to Rosenthal's Article 78 Petition "by admitting, for the first time, that the investigation had determined that the June 12 Complaint was in fact baseless," but they claimed, "also for the first time, that the investigation had uncovered *other* supposed misconduct," including "sexually and racially discriminatory and offensive comments in the workplace, in front of her employees." Compl. ¶ 30.

The state court initially issued an order compelling Defendants to produce various materials in discovery, but Defendants did not comply with that order. *See id.* ¶ 31. Ultimately, however, in July 2021,[2] the Court dismissed the Article 78 Petition without addressing the merits

---

[2] The dates of this and subsequent rulings described in this section are not stated in the Complaint. The Court draws them from RIOC's Memorandum of Law in Support of its Motion to Dismiss. *See* ECF No. 34 at 6.

of the accusations of misconduct against Rosenthal, concluding that "the mere existence of the accusations against Rosenthal were sufficient grounds for her termination . . . ." *Id.* ¶ 32. While Rosenthal never obtained the discovery that the court had previously ordered, the court held that her discovery requests were rendered moot by dismissal of the case, but without prejudice to Rosenthal's seeking such discovery in a separate plenary action. *Id.* ¶ 33; *see Rosenthal I-A*, 2021 WL 2891517, at *2. Rosenthal sought reargument, which the court denied. *See* Compl. ¶ 33. In October 2022, the First Department affirmed the trial court's decision dismissing Rosenthal's Article 78 Petition. *Id*; *see Rosenthal v. Roosevelt Island Operating Corp.*, 177 N.Y.S.3d 549 (App. Div. 2022) ("*Rosenthal I-B*").

In April 2021, while the Article 78 Proceeding was pending, Rosenthal separately commenced a plenary action in state court against the Defendants in this case, asserting various claims, including one for employment discrimination. RIOC's Mem. of L. in Supp. of Mot. to Dismiss ("RIOC's Mem.") at 6, ECF No. 34. Defendants moved to dismiss these claims on collateral estoppel grounds, "arguing that the Article 78 Court's dismissal precluded inquiry into the reasons for terminating her." Compl. ¶ 35. In July 2022, the court hearing the plenary action agreed, and it dismissed Rosenthal's employment discrimination claims with prejudice. *See id*. In November 2023, the First Department affirmed that decision. *See Rosenthal v. Roosevelt Island Operating Corp.*, 200 N.Y.S.3d 341 (App. Div. 2023) ("*Rosenthal II*").

On November 2, 2023, Rosenthal filed this action in federal court alleging a claim of denial of due process. Compl. ¶ 1. The gravamen of Rosenthal's claim is that her "termination as President and CEO of RIOC, coupled with the public disclosure of the false reasons for her termination and the denial of the opportunity to clear her name at an appropriate hearing, deprived [her] of a liberty interest without Due Process of law." Compl. ¶ 43. Defendant RIOC and the Individual Defendants filed separate Motions to Dismiss on various grounds, including that

4

Rosenthal's claim is barred by res judicata. *See* RIOC's Mem. at 4; Individual Defs.' Mem. of L. in Supp. of Mot. to Dismiss ("Individual Defs.' Mem."), ECF No. 36.

## LEGAL STANDARDS

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). A court may not dismiss claims unless the plaintiff has failed to plead facts sufficient to state a claim to relief that is facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, a plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Whitfield v. City of New York*, 96 F.4th 504, 522 (2d Cir. 2024) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)); *see also New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019) (same). This "promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Thus, in considering whether a claim is precluded by a New York state court judgment, a court applies New York res judicata law. *See Whitfield*, 96 F.4th at 523. The New York Court of Appeals has explained that, "under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action." *Simmons v. Trans Express Inc.*, 37 N.Y.3d 107, 111 (2021). "Under New York law, as under federal law, claim preclusion is an affirmative defense that the defendant must plead and prove." *Whitfield*, 96 F.4th at 523 (citing CPLR 3018(b); Fed. R. Civ. P. 8(c); and *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)). The New York Court of Appeals has

5

instructed that "doubts should be resolved against imposing preclusion to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate." *Buechel v. Bain*, 97 N.Y.2d 295, 305 (2001).

The Second Circuit has articulated a four-part test for res judicata or claim preclusion: "(1) the earlier decision was a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the same parties or their privies were involved; and (4) the decision involved the same cause of action." *Overview Books, LLC v. United States*, 755 F. Supp. 2d 409, 415 (E.D.N.Y. 2010), *aff'd*, 438 F. App'x 31 (2d Cir. 2011). With respect to the fourth part of the test, New York courts apply "a transactional analysis approach in determining whether an earlier judgment has claim preclusive effect, such that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Simmons*, 37 N.Y.3d at 111; *see also Mountain Tobacco Co.*, 942 F.3d at 543.

## DISCUSSION

Defendants move to dismiss the Complaint on numerous grounds, including res judicata.[3] As explained below, the Court agrees with Defendants that Plaintiff's claim is barred on res judicata grounds and therefore does not address their other arguments.

There can be no dispute that the first three parts of the res judicata test are met here. With respect to the first factor, there have been two final judgments on the merits regarding Rosenthal's claims raised in connection with her termination from RIOC, with state courts dismissing her

---

[3] In addition to *res judicata*, Defendants argue that Rosenthal's claim is barred by the statute of limitations and that she has failed to state a due process claim. *See generally* RIOC's Mem. at 12; Individual Defs.' Mem. at 11. RIOC additionally argues that Rosenthal's claims against it is barred by sovereign immunity. *See generally* RIOC's Mem. at 8.

Article 78 Proceeding and her plenary action on the merits. *See Rosenthal I-A*, 2021 WL 2891517, at *2 (dismissing Rosenthal's Article 78 Petition on the grounds that the "determination to terminate petitioner clearly was not irrational, as several people claim that she made remarks that were not only inappropriate but also that would be grounds, pursuant to various rules and regulations, to terminate her"); *id.* at *1 (describing Rosenthal's alleged discriminatory remarks); *Rosenthal II*, 200 N.Y.S.3d at 341 (describing trial court decision granting motion to dismiss Rosenthal's plenary action). Plaintiff does not dispute that the rulings in these cases were final judgments on the merits. And both judgments were affirmed on appeal by the First Department. *See Rosenthal I-B*, 177 N.Y.S.3d at 549 (affirming dismissal of Article 78 proceeding on the grounds that the "determination to terminate petitioner's employment was not arbitrary and capricious," and that "[t]he findings of respondents' investigation constitute legitimate, nondiscriminatory reasons for her termination, and serve to defeat the claims of discrimination and racial animus raised in the petition"); *Rosenthal II*, 200 N.Y.S.3d at 341 (affirming dismissal of plenary action because "Plaintiff is collaterally estopped from asserting claims of discrimination under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law (State HRL), and the New York City Human Rights Law (City HRL)" due to the dismissal of her prior Article 78 Proceeding). Nor is there dispute as to the second and third parts of the res judicata analysis: Plaintiff does not dispute that the state court judgments in her previous cases were rendered by courts of competent jurisdiction, and she does not dispute that the same parties were involved in her state court actions as are involved in this case.

    The only remaining question, then, is whether the state court decisions in her prior cases involved the same cause of action as this case—the fourth part of the res judicata test. "The scope of the claim extinguished by a first judgment 'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions,

7

out of which the action arose.'" *Coal. For A Level Playing Field, L.L.C. v. AutoZone, Inc.*, 737 F. Supp. 2d 194, 206 (S.D.N.Y. 2010) (quoting Restatement (Second) of Judgments § 24 (Am. L. Inst. 1982)). "What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

In Rosenthal's Article 78 Proceeding, she claimed that the reason for her termination was pretextual—that is, "that respondents discriminated against her because she is white, and that her termination was arbitrary and capricious." *Rosental I-A*, 2021 WL 2891517, at *1. Similarly, in her plenary action, she brought claims for unlawful employment discrimination arising from her termination. *See Rosenthal II*, 200 N.Y.S.3d at 343. Here, Rosenthal alleges that her "termination as President and CEO of RIOC, coupled with the public disclosure of the false reasons for her termination and the denial of the opportunity to clear her name at an appropriate hearing, deprived [her] of a liberty interest without Due Process of law." Compl. ¶ 43. Res judicata bars a claim arising from the same transaction as a previously adjudicated claim, even if the new claim is "based on different legal theories or seeks dissimilar or additional relief," *Mountain Tobacco Co.*, 942 F.3d at 543. Accordingly, because Rosenthal's due process claim arises from the same transaction as her claims in state court, it is barred.

Nevertheless, Rosenthal argues that her due process claim in this case is different. She contends that her due process claim arose only after "Defendants succeeded in getting [the state court] actions dismissed before they could serve their name-clearing function." Pl.'s Mem. of L. in Opp'n to Defs.' Mot. to Dismiss ("Pl. Opp.") at 21, ECF No. 40. In essence, Rosenthal argues that she was deprived of due process by the dismissal of her state court actions (and her inability

8

to take discovery in them), and that her due process claim in this case did not arise until those dismissals were ordered. Thus, she reasons, her due process claim could not have been raised in those proceedings, and res judicata therefore does not apply here. *See id.* at 12-13 (arguing that res judicata does not apply because "Defendants have strenuously resisted all of Rosenthal's attempts to clear her name and continue to do so"); *id.* at 21-22 ("[T]he claim here is that Defendants actively rendered the Article 78 proceeding inadequate for clearing Rosenthal's name.").

The Court, however, is unaware of any authority for the proposition that a party's success in an earlier proceeding is, by itself, a basis to deny that proceeding preclusive effect. In fact, it is precisely *because* a party prevailed in an earlier proceeding that it can raise the defense of res judicata in a later one. And it cannot be the case that a party's "resisting"—in other words, defending against—a plaintiff's claim amounts to a denial of due process. Rosenthal sought relief through Article 78, and Defendants opposed that relief, but that does not mean that she was denied adequate post-deprivation process through that proceeding. *See Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 120 (2d Cir. 2011) ("An article 78 proceeding provides the requisite post-deprivation process . . . .").

Rosenthal appears to argue that the Article 78 Proceeding was deficient in that she was denied an opportunity to take discovery in it. *See* Pl. Opp. at 22 (arguing that "Defendants want this Court to agree that Due Process is satisfied through an Article 78 proceeding that does not let the employee confront the evidence, cross-examine witnesses, present her own evidence, or otherwise actually clear her name by establishing that she had been falsely labelled a racist"). But she identifies no irregularities or errors in the state court's decision dismissing her Article 78 Petition that could plausibly be described as a denial of due process. And to the extent that she argues that the state court in her Article 78 Proceeding committed some sort of reversible error by

9

dismissing her Petition before she could take authorized discovery, or that the other state court erred in holding that her plenary action was barred by collateral estoppel, the proper forum for such arguments was through appeals of those decision—and, as noted, the First Department ruled against Rosenthal on appeal in both cases.

Rosenthal cites several cases for the proposition that a prior Article 78 proceeding can be "inadequate in the constitutional sense" by not affording sufficient due process, in which case it would not provide a basis for a defense of res judicata. *See* Pl. Opp. at 17 (citing *Koncelik v. Town of E. Hampton*, 781 F. Supp. 152, 158 (E.D.N.Y. 1991) and *Acorn Ponds at N. Hills v. Inc. Vill. of N. Hills*, 623 F. Supp. 688, 690-91 (E.D.N.Y. 1985)). But these cases are inapposite. In *Koncelik*, the plaintiffs successfully obtained two orders in Article 78 proceedings, but the court-ordered post-deprivation remedies "were claimed to be inadequate due to . . . resultant delays" in implementation, which the plaintiffs challenged in federal court as a violation of due process. 781 F. Supp. at 158. There are no analogous allegations here. Unlike in *Koncelik*, Rosenthal does not challenge the failure to implement final relief on the merits ordered through an Article 78 proceeding; rather, she complains that Defendants successfully obtained dismissal of her Article 78 Proceeding, which led the state court to determine that her discovery requests were moot. *Koncelik* does not suggest that such a determination amounts to a denial of due process. In *Acorn Ponds*, the plaintiff obtained relief on the merits under Article 78 when a judge of the Supreme Court of Nassau County directed a zoning and appeals board to conduct various inspections. *See* 623 F. Supp. at 691. The board subsequently refused to do so. *See id.* The plaintiff subsequently alleged that the board's resistance constituted a denial of due process because it was the product of some sort of self-dealing, in that several board members allegedly "used the power and authority of their positions . . . for their self interest and advantage and in disregard of their duties in the public interest . . . ." *Id.* at 693. But there is no similar allegation by Rosenthal here, for example

10

that the judges in her state court actions similarly engaged in any sort of improper decision-making that would constitute a denial of due process. Indeed, as noted, both decisions in her state court actions were affirmed by the First Department.

In sum, all four parts of the test for res judicata are satisfied here. The decisions in Rosenthal's state court actions were (1) final judgments on the merits (2) rendered by a court of competent jurisdiction, and they involved (3) the same parties and (4) the same cause of action under the transactional test employed by New York courts. Accordingly, this case is **DISMISSED** on res judicata grounds, and the Court need not reach the other grounds for dismissal Defendants have raised.

## CONCLUSION

For the reasons discussed herein, the Court **GRANTS** Defendants' Motions to Dismiss. The Clerk of Court is respectfully requested to terminate ECF Nos. 33 and 35.

SO ORDERED.

Dated: May 28, 2025
      New York, New York

                                                 DALE E. HO
                                     United States District Judge