UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rosenthal,

Plaintiff(s),

v.

Roosevelt Island Operating Corp., et al.,

Defendant(s).

23-CV-9660 (DEH)

ORDER

DALE E. HO, United States District Judge:

Defendants in this action seek a stay of discovery pending resolution of a renewed motion to dismiss. ECF No. 55. The request is **DENIED**.

In evaluating proposed stays of discover, courts in this District look to "(1) the breadth of discovery sought and the burden of responding; (2) the strength of the underlying motion; and (3) the risk of prejudice to the party opposing the stay." *K.A. v. City of New York*, No. 16 Civ. 4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sep. 1, 2022). Here, Plaintiff represents that "discovery in this case is expected to be inherently narrow," ECF No. 58, at 5, but Defendants offer no meaningful arguments to contest that representation, instead pointing to the burdens of discovery that are true of any civil matter, *id.*, at 2-3. Accordingly, this factor falls in Plaintiff's favor. As to the second factor, Defendants argue that "the strength of Defendants' threshold and dispositive defenses in their renewed motions to dismiss is exceptionally high" and include sovereign immunity defenses. *Id.* at 2. Defendants have not yet filed any renewed motions to dismiss, and without the benefit of that briefing, it is difficult for the Court to evaluate whether the anticipated motion is potentially dispositive and grounded in the law. *Negrete v. Citibank, N.A.*, No. 15 Civ. 7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). Accordingly, this factor is neutral and favors neither party. Finally, the events giving rise to this action occurred more than six years ago,

the risk of fading memories and lost evidence is substantial, and is a risk that prejudices Plaintiff, the non-moving party. *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 Civ. 6334, 2020 WL 230183, at *3 (S.D.N.Y. Jan. 15, 2020) (finding that the risk of fading witness memories with time weighed against a stay of discovery when facts giving rise to the cause of action occurred six years prior). Thus, the final factor weighs in favor of discovery.

Because "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," Defendants have not met their burden in showing good cause. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). A Case Management Plan will issue separately.

SO ORDERED.

Dated: September 28, 2026
New York, New York

DALE E. HO
United States District Judge